IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 25 2006

GREGORY C. LANGHAM
CLERK

Civil Action No. 06-cv-00049-BNB

PATRICK L. BRENNER,

Applicant,

v.

WARDEN HOYT BRILL, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

___

ORDER DIRECTING APPLICANT TO SUPPLEMENT APPLICATION

___

Applicant Patrick L. Brenner is a prisoner in the custody of the Colorado Department of Corrections at the Kit Carson Correctional Center at Burlington, Colorado. Mr. Brenner has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court must construe the application liberally because Mr. Brenner is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Brenner will be ordered to supplement the application with additional information.

Mr. Brenner is challenging the validity of his convictions in two Mesa County District Court cases. Mr. Brenner alleges that he was convicted in 1991 and that he was sentenced to one day to life in prison. Although he asserts that he filed a direct appeal, the date on which he alleges the Colorado Court of Appeals affirmed the

judgment of conviction is the date on which the Colorado Court of Appeals affirmed the denial of a postconviction motion.   Likewise, the date on which Mr. Brenner alleges the Colorado Supreme Court denied his petition for writ of certiorari on direct appeal is the date on which the Colorado Supreme Court denied his petition for writ of certiorari in connection with a postconviction motion.   It also is not clear whether Mr. Brenner has filed more than one postconviction motion with respect to the convictions under attack in the instant action.

The court has reviewed Mr. Brenner's application and finds that additional information is necessary to determine whether the application is timely filed pursuant to 28 U.S.C. § 2244(d).   It is not clear when Mr. Brenner's conviction became final because, as discussed above, it is not clear whether he filed a direct appeal and, if so, when the direct appeal concluded.   In addition, although Mr. Brenner alleges that he has filed only one postconviction motion challenging his convictions, the documents attached to the application refer to at least one other postconviction motion filed by Mr. Brenner challenging the convictions at issue in this action.   If Mr. Brenner wishes to have the court consider any other state court postconviction motions in determining whether the instant action is timely, he must specify for each postconviction motion when it was filed, when it was denied, why it was denied, whether he appealed from the denial, the dates on which any appellate court decisions were issued, and the basis for the appellate court decisions.   Therefore, Mr. Brenner will be directed to file a supplement to the application that provides the information necessary to determine if this action is timely filed.   Accordingly, it is

2

ORDERED that Mr. Brenner file **within thirty (30) days from the date of this order** a supplement to the habeas corpus application that provides the information requested in this order. It is

FURTHER ORDERED that if Mr. Brenner fails to file a supplement to the habeas corpus application that provides the information requested in this order within the time allowed, the action will be dismissed without further notice.

DATED January 24, 2006, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
BOYD N. BOLAND
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-00049-BNB

Patrick L. Brenner
Prisoner No. 66893
Kit Carson Corr. Center
PO Box 2000
Burlington, CO 80807

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 1/25/06

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk